United States District Court
Southern District of Texas
FILED

AUG 16 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IRA LANETTE DAVIS | § § | |
| Plaintiff, | § § | |
| V. | § § | Civil Action No. **B-04-139** |
| | § | |
| MOTEL 6 #1237 AND/OR MOTEL 6 AND MOTEL 6 G.P., INC. DOING BUSINESS AS MOTEL 6 OPERATING L.P. | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### A. Parties

1. Plaintiff, IRA LANETTE DAVIS, is an individual and resides in the State of Texas.

2. Defendant, **MOTEL 6 #1237 AND/OR MOTEL 6,** is and at all times herein mentioned a limited partnership incorporated under the laws of the state of Delaware and doing business in the City of South Padre Island, Cameron County, Texas. Defendant may be served with process by serving its Manager, Monica Johnson, 4013 Padre Boulevard, South Padre Island, TX 78597.

3. Defendant, **MOTEL 6 G. P., INC. DOING BUSINESS AS MOTEL 6 OPERATING L.P.**, is and at all times herein mentioned a limited partnership incorporated under the laws of the state of Delaware and doing business in the City of South Padre Island, Cameron County, Texas. Defendant may be served with process by serving its registered agent, The Prentice Hall Corporation Systems, Inc., 1013 Center Road, Wilmington, DE 19805.

## B. Jurisdiction

4.  The court has jurisdiction over the lawsuit because the suit is between a citizen of a state and a subject of a foreign state and the amount in controversy exceeds $75,000, excluding interest and costs.

## C. Facts

5.  On or about November 23, 2002, your Plaintiff, IRA LANETTE DAVIS, was a guest/invitee at the Defendant Motel's property located at South Padre Island, 4013 Padre Blvd., South Padre, Island, Texas 78597. While a guest/invitee at the Defendant Motel, she was in her room when she was contacted by the front desk and was asked to come down to the front desk to show the front desk personnel the receipt she had evidencing that she had paid for her stay. When she got to the front desk, she showed them her credit card receipt, but she was told that this receipt was inadequate proof, and that they needed to see her Defendant Motel receipt. She advised the front desk person that the receipt was out in her car and she proceeded to go get it out of her car. She exited the building to go out to the parking lot. When your Plaintiff was walking out to the parking lot, she fell when she stepped off of the drop-off. Your Plaintiff would show that this drop-off, or step-down area, was unmarked and was in fact covered and hidden by a rug or carpet that had been placed over the area in question, thereby creating a dangerous condition upon the premises of the Defendant Motel. When your Plaintiff fell, she injured her hands, wrists, and knees. Plaintiff was bleeding from both hands, both knees, and had pain in all of the extremities.

6.  This incident, and the resulting injuries, were proximately caused by the dangerous condition maintained on the premises by Defendant Motel, and such conduct on the part of the Defendant Motel was negligent.

7.  The area in question where the accident occurred was at all times pertinent and material hereto under the care and control of the Defendant Motel. At all times mentioned herein, Defendant had such control over the premises in question that it owed certain duties to Plaintiff, the

2

breach of which proximately caused the injuries set forth herein.

### D. Count 1 - Negligence

8. The negligence of Defendant includes but may not be limited to the following:

   a. In failing to provide a safe and adequate egress and ingress into and out of the Motel;

   b. In installing, or allowing to exist, a ramp that posed an unreasonable risk of danger to persons such as Plaintiff; and

   c. In failing to provide adequate warnings or markings to put persons such as Plaintiff on notice of the dangerous condition.

9. This negligent conduct on the part of the Defendant Motel was a direct and proximate cause of your Plaintiff's injuries and damages for which she now sues.

10. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

### E. Damages

11. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, IRA LANETTE DAVIS, was caused to suffer injuries, primarily to her hands, wrist and knee and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

12. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, IRA LANETTE DAVIS has incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, IRA LANETTE DAVIS for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for

such services in the Hildago and Cameron Counties, Texas;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Mental anguish in the past;

e. Physical pain and suffering in the future;

f. Mental anguish in the future;

g. Physical impairment in the past;

h. Physical impairment which, in all reasonable probability, will be suffered in the future;

i. Disfigurement in the past;

j. Disfigurement in the future; and

13. By reason of the above, Plaintiff, IRA LANETTE DAVIS has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### F. Prayer

For these reasons, Plaintiff asks judgment against defendants for the following:

a. Defendants be cited to appear and answer herein as the law directs;

b. Plaintiff have and recovery judgment of and from the Defendants, and each of them, actual and punitive damages in an amount in excess of the minimum jurisdictional limits of the court;

c. Prejudgment and post-judgment interest;

d. Costs of suit; and

e. All other relief the court deems appropriate.

Respectfully submitted,

*[signature]*

E. A. "Trey" Apffel, III
Federal I.D. NO. 242
Texas State Bar No. 01278010

ATTORNEY IN CHARGE FOR
PLAINTIFF, IRA LANETTE DAVIS

OF COUNSEL:
Law Office of E. A."Trey" Apffel, III
1201 Logan/25th Street
Texas City, Texas  77590
Tel. (409) 948-0003; (281) 488-2281
Fax. (409) 945-5443

AND

Thomas J. Steece
Oklahoma Bar No.: 11531